[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In Case No. 68149, the plaintiff, Ronald Borrelli, claiming a partnership, is seeking a partnership accounting, The defendant, Stephen Borrelli, the plaintiff's brother, denies the existence of a partnership, but has filed a counterclaim seeking an accounting as a tenant in common, citing General Statute Section 52-404(b).
In Case No. 69262, the plaintiff, Stephen Borrelli, claims a resulting trust and seeks a conveyance which would establish his 50% claimed interest in certain real estate.
In Case No. 73342, the plaintiff, Stephen Borrelli is seeking a partition of certain real estate held in common with his brother, the defendant, Ronald Borrelli.
The three cases were consolidated and tried together.
After a full trial, all parties presented or represented by CT Page 5960 counsel, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
On or about June 26, 1987, Ronald Borrelli (Ronald), Stephen Borrelli (Stephen) and their father George Borrelli (George) were the named grantees of certain real estate consisting of a three family house and undeveloped acreage located on Fairchild Road in Middletown, Connecticut.
The conveyance resulted in Ronald, Stephen and George each owning, as tenants in common, an undivided one-third in the real estate.
Ronald and Stephen provided the funds for the purchase. George provided no funds, he claimed no ownership in the property and indicated he wanted no part of the management of the property. He took title to a one-third interest in the property in order to help his sons obtain financing for the purchase, by adding his good credit standing to the transaction.
Certain disputes as the management of the property developed, a consequence of which was the conveyance by George of his record one-third interest in the property to Ronald, without consideration.
Both Stephen and Ronald contributed financially to the expenses of the property. Both contributed in the form of labor, Stephen is an electrician, Ronald does interior design, including wallpapering and painting.
Ronald for sometime resided as a tenant in one of the apartments in the three family residence located on the premises.
Stephen and Ronald each claim they contributed in cash or labor an amount exceeding that contributed by the other.
At the close of the trial, the court, finding that Ronald had failed to establish a partnership entered judgment on the complaint in Case No. 68149, for the defendant, Stephen. The court then requested briefs as to Stephen's counterclaim for an accounting re: tenants in common, which this memorandum addresses.
At the same time in Case No. 69262, the court, finding that CT Page 5961 George held the property in a resulting trust for Stephen and Ronald, entered judgment for Stephen and ordered that Ronald convey a one-sixth interest in the property to Stephen, resulting in each owning an undivided one-half interest as tenants in common.
Further, in Case No. 73342, with the assent of the parties, the court entered a judgment of partition as of record appears.
Each part has submitted their reconciliation of what they perceive as their contribution to the tenancy.
Stephen claims that there is due and owing to him by Ronald the sum of $15,038.55 and seeks judgment on the counterclaim in that amount.
Ronald claims his contribution totals in excess of $80,000.00 and exceeds Stephen's by $21,053.67 and seeks judgment in that amount.
Each of the parties has interpreted the figures to establish a balance due them.
Pursuant to Connecticut Practice Book Section 445, in November, 1993, the court, (Walsh, J.) referred this case to the accounting firms of Guilmartin, DiPiro and Company and William J. Russell, P.C. for an accountants' report.
The accountants' final report covered the period from March 17, 1987 through December 31, 1993. The reports attributed the parties contributions to the property; Stephen, $43,255.00, Ronald $45,031.00.
Each of the parties have subjectively perceived their own contribution to have significantly exceeded that of the other.
However, the court, based on the objective report of the experts appointed to provide an accounting; based on the credible evidence presented to the court and the reasonable implications to be drawn therefrom, expressly finds that the contributions made by the parties were substantially equal and, therefore, no damages are due either party.
Accordingly, judgment may enter on the counterclaim allowing the court ordered accounting, and adjudging that there is no CT Page 5962 amount due either party and without costs to either
SPALLONE STATE TRIAL REFEREE